**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ALBERT EDMOND, #30523**                                      **PETITIONER**

**VERSUS**                                   **CIVIL ACTION NO. 3:14-cv-888-DPJ-FKB**

**FRANK SHAW**                                              **RESPONDENT**

<u>**ORDER**</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner
Albert Edmond is an inmate of the Mississippi Department of Corrections presently incarcerated
at the Wilkinson County Correctional Facility in Woodville, Mississippi.  He filed this *pro se*
Petition [1] for habeas corpus relief pursuant to 28 U.S.C. § 2254.  After reviewing the Petition
[1] in conjunction with the relevant legal authority, the Court concludes that this case should be
dismissed.

**I.      Background**

Edmond is currently serving a life sentence for a rape conviction.  *Edmond v. State*, 312
So. 2d 702 (Miss. 1975).  Edmond petitioned the Circuit Court for Hinds County, Mississippi,
for a conditional release pursuant to Mississippi Code Section 47-5-139(1)(a).  On March 4,
2014, the Circuit Court denied Edmond's request without a hearing, finding that he was
statutorily ineligible for conditional release because he was convicted of a sex crime.  *See* Attach.
[1-1] to Pet. [1] at 1–2 (Order Den. Pet. for Conditional Release).  Thereafter, Edmond filed a
"Petition for Writ of Prohibition" seeking an order from the Mississippi Supreme Court directing
"the trial judge to conduct a conditional release evidentiary hearing."  *See id.* at 9 (Order Den.
Pet. for Writ of Prohibition).  On October 29, 2014, the Mississippi Supreme Court denied
Edmond's petition.  *Id.*

In this habeas petition, Edmond claims that he was denied due process because the Circuit Court did not conduct a conditional-release hearing. Pet. [1] at 5. Edmond further states that he meets "the two main requirements" to be granted a conditional release because he has served over 41 years of his life sentence and he is 67 years of age. *Id.* He now seeks an order "grant[ing] an evidentiary hearing on conditional release." *Id.* at 15.

## II.    Discussion

"A federal court may entertain an application for a writ of habeas corpus from a person in state custody, only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983) (internal quotation marks omitted). The existence of a constitutional deprivation or violation of federal law implicates a district court's habeas jurisdiction and must be considered *sua sponte*, if necessary. *Moore v. Dretke*, 369 F.3d 844, 846 n.3 (5th Cir. 2004) (per curiam).

Edmond does not seek invalidation of his conviction or sentence in this Petition. Instead, he argues that the Hinds County Circuit Court erred in denying him a hearing regarding his request for a conditional release under Mississippi Code Section 47-5-139(1)(a). The Circuit Court and the Mississippi Supreme Court both concluded that no hearing was required under Mississippi law. Edmond claims that the ruling violated his due-process rights.

To the extent Edmond claims that the state misinterpreted its own law, no such claim may be pursued in a federal habeas proceeding. *Beazley v. Johnson*, 242 F.3d 248, 261 (5th Cir. 2001) (finding that the proper interpretation of state law is not cognizable in federal habeas proceedings); *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding.").

2

And to the extent Edmond suggests that the denial of a hearing violates his right to due process, he has not presented a sufficient liberty interest to trigger due-process protection.  To proceed on his due-process claim, Edmond must show that he was "deprived of a liberty interest protected by the Constitution or other federal law."  *Zebrowski v. U.S. Fed. Bureau of Prisons*, 558 F. App'x 355, 358 (5th Cir. 2014) (per curiam).  "[A]n expectation of receiving process is not, without more, a liberty interest protected by the Due Process Clause."  *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312 (5th Cir. 2014).  Instead, a prisoner must show a liberty interest in the ultimate relief he or she hopes to attain through the disputed process.  *Id.* at 312–13; *see also Conn. Bd. of Pardons v. Dumschat*, 452 U.S. 458, 463 (1981) ("A state-created right can, in some circumstances, beget yet other rights to procedures essential to the realization of the parent right.").  Here, Edmond must show a liberty interest in obtaining conditional release before he can assert a due-process violation for failure to provide a conditional-release hearing.

A similar issue arose in *Wansley*, where the prisoner sought federal habeas relief when denied a parole hearing.  The Fifth Circuit found no basis for the petition, noting that parole is discretionary under Mississippi law and therefore creates no liberty interest.  *Id.* at 312.  The court concluded that "when a prisoner has no liberty interest in obtaining parole . . . he cannot complain of the constitutionality of procedural devices attendant to parole decisions."  *Id.* at 312–13 (alteration in original).

The same is true for conditional releases, which are a matter of clemency in Mississippi. *See Parker v. State*, 119 So. 3d 987, 997 (Miss. 2013) (en banc) (holding that "[c]onditional release is more akin to clemency").  The United States Supreme Court has held that "noncapital defendants do not have a liberty interest in traditional state executive clemency, to which no

3

particular claimant is entitled as a matter of state law." *Dist. Attorney's Office for the Third Judicial Dist. v. Osborne*, 557 U.S. 52, 67–68 (2009) (citing *Dumschat*, 452 U.S. at 464). Though unpublished, the Fifth Circuit applied this rule in *McCowin v. Kent*, finding no liberty interest in the clemency process.  No. 01-41225, 2002 WL 334700, at *1 (5th Cir. Feb. 15, 2002) (per curiam).

**III.**    **Conclusion**

For the reasons stated, Edmond's Petition [1] for habeas corpus relief must be denied.

A Final Judgment in accordance with this Order will be issued this date.

**SO ORDERED AND ADJUDGED** this the 29th day of December, 2014.

s/ *Daniel P. Jordan III*    
UNITED STATES DISTRICT JUDGE

4